E-FILED
5/7/2024 1:15 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV438607
Reviewed By: J. Nguyen

**JUSTICE FOR WORKERS, P.C.**
Young K. Park SB# 287589
 E-Mail: young@justiceforworkers.com
Christopher Berberian SB# 346973
 E-Mail: christopher@justiceforworkers.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
BRITTANY FOCKLER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| BRITTANY FOCKLER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>BETTERHELP, INC., a Delaware Corporation; TELADOC HEALTH, INC., a Delaware Corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.: 24CV438607<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) VIOLATION OF LABOR CODE SECTION 230.8<br>(2) RETALIATION FOR EXERCISING THE RIGHT TO USE SICK LEAVE IN VIOLATION OF LABOR CODE SECTION 233 AND 245.6<br>(3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BRITTANY FOCKLER (hereinafter "FOCKLER" or "Plaintiff") for her Complaint against Defendants BETTERHELP, INC, a Delaware corporation (hereinafter "BETTERHELP") and BETTERHELP's parent company, TELADOC, INC, a Delaware corporation (hereinafter "TELADOC"); and DOES 1 through 50 (collectively "Defendants"), alleges as follows:

\ \ \

\ \ \

\ \ \

**PARTIES**

1. Plaintiff FOCKLER is an individual residing in the State of California. Plaintiff FOCKLER was an employee of Defendant BETTERHELP and TELADOC at all relevant times herein mentioned.

2. On information and belief, Defendant BETTERHELP is a Delaware corporation organized and existing under the laws of the State of Delaware and was Plaintiff's employer at all relevant times herein mentioned.

3. On information and belief, Defendant TELADOC is BETTERHELP's parent company, is a Delaware corporation organized and existing under the laws of the State of Delaware and was Plaintiff's employer at all relevant times herein mentioned.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

6. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

\ \ \

\ \ \

**VENUE AND JURISDICTION**

7. This Court has jurisdiction over this matter because Defendants conduct business in, and have substantial contacts, within the State of California. Venue is proper in the County of Santa Clara because Plaintiff performed work for Defendants in the County of Stanislaus, State of California.

**FACTUAL ALLEGATIONS**

8. FOCKLER started working for TELADOC and BETTERHELP as an IT Operations Manager on or around July 31, 2023, and continued working until she was unlawfully terminated on or about October 13, 2023.

9. TELADOC assigned FOCKLER to work at BETTERHELP's headquarter in Mountain View, California.

10. When FOCKLER was hired, she was told that she could work hybrid remote, working four days a week in person and one day a week remotely. FOCKLER's manager worked according to this hybrid remote schedule, evidencing that this was common practice for employees of BETTERHELP.

11. Between July 2023 and October 2023, FOCKLER received praise and great feedback regarding her work performance from department partner leads and employees. During this time FOCKLER had not received any negative feedback regarding her work performance.

12. On Tuesday, October 3, 2023, FOCKLER received a call from her son's licensed childcare provider regarding an emergency with her son's health, that his eyes were shot red and had significant discharge, and that her son urgently needed to be picked up from the daycare due to his health condition.

13. The same day, on Tuesday, October 3, 2023, FOCKER had a meeting with her direct manager at BETTERHELP, Sahar Naim ("NAIM") and communicated this emergency to her, letting NAIM know that she needed to leave work to address her son's health emergency. FOCKLER also shared these details with her co-workers as well.

14. The same day, on Tuesday, October 3, 2023, FOCKLER communicated with her son's doctor, who provided that her son had conjunctivitis and a fever, is contagious, and so cannot return to daycare until Thursday, October 5, 2023. The doctor provided that eye drops would need to be

administered to the child four times a day as treatment. It was later determined that FOCKLER's son had adeno virus.

15. The same day, on Tuesday, October 3, 2023, NAIM, knowing of the emergency regarding FOCKLER's son's health condition, asked FOCKLER around 5pm what FOCKLER's plans were regarding finding babysitting coverage for FOCKLER's son, so that FOCKLER could return to the office the next day.

16. FOCKLER provided that she would not come into the office on Wednesday, October 4, 2023, as she needed to take care of her son who could not return to daycare on October 4, 2023, because his health condition was contagious, and because pursuant to her son's doctor's orders, FOCKLER was required to administer eyedrops to her son four times a day as treatment.

17. FOCKLER informed her manager that she would work remotely from home on Wednesday, October 4, 2023, so that she can keep working while also being able to care for her son's health emergency. At that point, NAIM became tense with FOCKLER in her communications and changed her attitude towards FOCKLER, becoming hostile with FOCKLER.

18. On Wednesday, October 4, 2023, FOCKLER worked remotely from home, and emailed her son's doctor regarding her son's reoccurring fevers and health condition.

19. On Thursday, October 5, 2023, due to NAIM's demands, FOCKLER returned back to working in office, and returned her child back to daycare even though her child was still ill and not fully recovered.

20. On October 11, 2023, NAIM requested to chat with FOCKLER. For the first time, NAIM told FOCKLER that FOCKLER was being unproductive, without providing any specific examples. When FOCKLER requested specific examples, NAIM stated that she will provide FOCKLER examples when they meet again on October 13, 2023.

21. On October 13, 2023, when FOCKLER met with NAIM, NAIM coldly terminated FOCKLER's employment.

22. On information and belief, the reason provided for FOCKLER's termination was false and pretextual. Defendants provided to FOCKLER that the reason for her termination was that FOCKLER was not a great fit. However, FOCKLER had no indication of any work performance

issues prior to her reporting her son's health emergency on October 3, 2023. To the contrary, FOCKLER was held in high praise by co-workers and her manager for her work leading up to her son's health emergency.

23. In reality, Defendants discriminated and retaliated against FOCKLER and ultimately terminated FOCKLER's employment because she had to care for her child's health emergency which required her to leave work early on October 3, 2023, and temporarily work remotely from home on October 4, 2023. Defendants used FOCKLER's work performance as a pretextual reason to terminate FOCKLER's employment.

24. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, FOCKLER has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

25. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, FOCKLER has suffered emotional distress, in an amount to be proven at trial.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 230.8**

**[California Labor Code § 230.8]**

**(Plaintiff against All Defendants, including DOES 1-50)**

26. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

27. FOCKLER had to take off mid-day during October 3, 2023, in order to pick up her son from a licensed child care provider due to a health emergency with her son.

28. Plaintiff gave notice to her employer that she had to leave work early to take care of a child care provider emergency involving her son. FOCKLER notified NAIM and her co-workers on October 3, 2023, that she had to take off from work to attend her son's health emergency, shortly after FOCKLER became aware of it. FOCKLER also notified NAIM on October 3, 2023, that she will need to work remotely on October 4, 2023, so that she can attend to her son's health emergency.

29. FOCKLER worked remotely on October 4, 2023, to attend to her son's health emergency and to carry out the treatment prescribed by her son's doctor.

30. BETTERHELP was an "employer" regularly employing more than 25 employees at the same location, within the meaning of California Labor Code § 230.8(a).

31. FOCKLER is a parent of a child that was attending a licensed child care provider, and on October 3, 2023, FOCKLER had to take off from work to address a child care provider emergency, to pick her ill child up from the child care provider, as requested by the child care provider.

32. FOCKLER was discriminated and retaliated against, and ultimately discharged in violation of California Labor Code § 230.8(d) because FOCKLER had to take time off to engage in child-related activities within the definition of California Labor Code § 230.8(a).

33. Pursuant to California Labor Code § 230.8, Plaintiff is entitled to reimbursement for lost wages and work benefits caused by the acts of the employer.

## SECOND CAUSE OF ACTION

### RETALIATION FOR EXERCISING THE RIGHT TO USE SICK LEAVE

### [Labor Code §§ 233, 234, 246]

**(Plaintiff against All Defendants, including DOES 1-50)**

34. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

35. This action is brought pursuant to California Labor Code § 233(c)(d), and § 246.5 which prohibits employers from retaliating or discriminating against employees for taking available sick time for diagnosis, care, or treatment for an existing health care condition, or preventative care, for themselves or their family member.

36. Employers are prohibited from retaliating against an employee for using or attempting to use accrued sick days. *Id.*

37. Defendants provided sick leave entitlement for employees, which Plaintiff was entitled to use.

38. As set forth above, Plaintiff was discriminated and retaliated against, and ultimately discharged in violation of California Labor Code § 233(c)(d), and § 246.5 for taking available sick time on October 3, 2023, and October 4, 2023, to diagnose and treat an existing health care condition for her son.

39. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

40. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

41. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Plaintiff against All Defendants, including DOES 1-50)**

42. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

43. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in California Labor Code Sections 230.8, 233, and 246.5, as set forth more fully herein.

44. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, in an amount to be proven at trial.

45. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, in an amount to be proven at trial.

46. Plaintiff is informed and believes and thereon alleges that Defendant's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For general damages, including emotional distress damages, in excess of $250,000.00, or to

otherwise be determined at trial;

(b) For special damages, in excess of $250,000.00, or to otherwise be determined at trial;

(c) For exemplary and punitive damages, in excess of $250,000.00, or to otherwise be determined at trial;

(d) For reasonable attorneys' fees;

(e) For civil penalties as permitted by statute;

(f) For pre-judgment and post-judgment interest at the maximum legal rate;

(g) For a tax consequence adjustment or "gross up" award to compensate Plaintiff for her increased income tax responsibility following an award of compensatory damages;

(h) For costs of suit incurred;

(i) For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

DATED: May 7, 2024                         JUSTICE FOR WORKERS, P.C.

By: _____
Young K. Park, Esq.
Christopher Berberian, Esq.
Attorneys for Plaintiff,
Brittany Fockler